IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD LAY, JR.,

              Plaintiff,                No. CIV S-05-2542 LKK EFB P

    vs.

DR. HALL,

              Defendant.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He proceeds on his December 15, 2005, complaint in which he claims that defendant, Dr. Hall, delayed surgery for a sinus infection causing plaintiff injury and depriving him of his rights under the Eighth Amendment. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on the ground that plaintiff failed to exhaust available administrative remedies. *See* 42 U.S.C. 1997e(a). As explained below, defendant has not demonstrated that plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e. Rather, plaintiff's appeal of his grievance designated MCSP-04-01661 to the first level of the administrative process, which resulted in the promise of surgery in the near future, satisfied the exhaustion requirement. Accordingly, defendant's motion must be denied.

**I. Standards Applicable to This Motion**

The instant motion was filed under Rule 12(b)(6), Fed. R. Civ. P.  As discussed below, the Ninth Circuit has questioned in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), whether Rule 12(b)(6) or Rule 56 is the appropriate procedural motion for challenging a prisoner's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e.  It concluded that neither rule fits procedurally and that such a motion should be bought as "an unenumerated Rule 12(b) motion." *Wyatt*, 315 F.3d at 1119.  However, the court concluded that each rule provides an analogous framework depending on whether evidence has been submitted with the motion.

As a threshold matter, Rule 12(b)(6) tests the sufficiency of *allegations* in the complaint to state a cognizable claim, *Albright v. Oliver*, 510 U.S. 266 (1994), whereas Rule 56 tests the sufficiency of *evidence* to support those allegations.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Whether a motion under either rule seeks adjudication on the merits (because the plaintiff cannot allege or establish an element of the cause of action), or whether the motion seeks judgment or dismissal because of a technical defense that preclude plaintiff's claim, the procedural distinction between Rules 12 and 56 is whether the challenge by the motion is to the adequacy of allegations or to sufficiency of evidence to prove allegations.[1]  For this reason,

---

[1] Summary judgment procedures under Rule 56 test whether a dispute over a given fact is genuine, and, if so, whether the dispute over that fact makes any difference to the outcome of the case. *Celotex*, 477 U.S. at 323.  This is true whether a failure of proof is over an element to the claim or an inability to overcome an affirmative defense once the defendant has presented evidence establishing that defense.  "There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial." *Id.*  Thus, of particular relevance here, if a claim is barred due to a failure to exhaust administrative remedies, all other facts are rendered immaterial and the court must dismiss.  The dismissal, however, is after the application of the procedural mechanics of Rule 56 to determine whether the opposing party's evidence is adequate to establish a genuine factual dispute.  Where those procedures result in the conclusion that the plaintiff cannot prove his factual allegations refuting the evidence of failure to exhaust, the dispute is not genuine and the complaint must be dismissed.  The principle is hardly novel.  It applies whenever a material fact affects the outcome, whether it is on technical grounds such as exhaustion, the unexcused delay beyond an expiration of a statute of limitations, a lack of standing based on fact specific reasons, etc., or on the merits due to an inability to establish an element of the underlying claim.

2

courts will not normally look beyond the four corners of the complaint in resolving a Rule

12(b)(6) motion.  Indeed, when a party submits matters extrinsic to the complaint on such a

motion, Rule 12(b)(6) expressly mandates that the court either disregard the extrinsic material or

invoke the procedural protections afforded under Rule 56 so that the non-moving party is

provided the opportunity to present evidence sufficient to overcome the motion.[2] *Rosales v.*

*United States*, 824 F.2d 799, 802 (9th Cir 1987) (If matters external to the pleadings are

presented to the court and not excluded, a Rule 12(b)(6) motion for failure to state a claim must

be treated as a motion for summary judgment.).

Here, the motion to dismiss challenges whether plaintiff has met the requirement of the

Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available

administrative remedies are exhausted.  42 U.S.C. § 1997e(a).  The Ninth Circuit has held that

the PLRA's exhaustion requirement is not jurisdictional.  *Wyatt v. Terhune*, 315 F.3d 1108,

1117, n.9 (9th Cir. 2003).  Moreover, "nonexhaustion under § 1997e(a) of the PLRA does not

impose a pleading requirement."  *Id.* at 1119.  Rather, the Ninth Circuit held "that § 1997e(a)

creates a defense–defendants have the burden of raising and proving the absence of exhaustion."

*Id.*  Given the conclusion that exhaustion for purposes of the PLRA is neither a pleading

requirement nor a jurisdictional prerequisite, the quintessential grounds for motions under Rule

12(b), it would appear that the procedures under Rule 56 (not Rule 12) provide the appropriate

tool for addressing a prisoner's failure to meet the requirement.  It is, after all, the facts

establishing exhaustion, not allegation of its completion in the complaint, that are being

challenged.  Indeed, the complaint need allege nothing about exhaustion.  Instead, it is

defendant's burden to present evidence proving the failure to exhaust.  However, in light of

---

[2] These procedures include converting the motion to dismiss to a Rule 56 motion and providing notice to the non-moving party that the facts challenged in the complaint must be supported with evidence adequate to demonstrate that there is a genuine issue of material fact which warrants resolution through live testimony, either at trial or, with some disputed jurisdictional facts, a pretrial evidentiary hearing to determine jurisdiction.

1   *Wyatt*, under which procedural rule the issue should be raised is not clear.

2       *Wyatt* instructs that "the failure to exhaust nonjudicial remedies that are not jurisdictional

3   should be treated as a matter in abatement,[3] which is subject to an unenumerated Rule12(b)

4   motion rather than a motion for summary judgment." *Wyatt*, 315 F.3d at 1119.  The *Wyatt*

5   opinion observes that summary judgment is ordinarily judgment "on the merits."  *Id*.  However,

6   as noted, the standards under Rule 56 are used when a Rule 12 motion seeks to establish facts by

7   materials extrinsic to the complaint.  Thus, *Wyatt* is clear that regardless of nomenclature, a

8   motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a

9   motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In

10  this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the

11  district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it

12  necessarily does so under "a procedure closely analogous to summary judgment."  *Id.*, n.14.

13  ////

14  ////

15  ////

---

16

17      [3] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated
to the merits of the claim."  *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  It has its
18  roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c).  Rule 7 of the
Federal Rules of Civil Procedure "unceremoniously abolishes a great deal of ancient procedural
19  dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R.
Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement.  *Black's*
20  *Law Dictionary* 4 (6th ed. 1990).  The "plea in abatement" is an archaic common law "plea
which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.
21  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume
to answer an action on its merits, or deny existence of a particular cause of action on which
22  plaintiff relies."  *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes
to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule."
23  Thus, for example, the Revision Notes to 28 U.S.C.A. § 2105 (West 2006), which prohibits
reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme
24  Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure
abolished all pleas, and the rules adopted the motion as a substitute therefor.  Words 'matters in
25  abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to
the jurisdiction.'"  Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate,
26  instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151 1152 (6th ed. 1990)
("abatement of action," and "plea in abatement).

Resort to the procedural safeguards of Rule 56 is for sound reason.  Where the issue in dispute is one of fact (did, or did not, plaintiff exhaust available remedies?) it is well established that regardless of whether a genuine factual dispute is over an element of a cause of action (i.e., an issue going to the merits of the claim), or over an affirmative defense such as a statute of limitations or exhaustion, the court may not weigh and resolve credibility on paper.  *United States v. Two Tracts of Land in Cascade County, Mont.*, 5 F.3d 1360, 1362 (9th Cir. 1993) (determination that affidavit on summary judgment motion lacked credibility was improper prior to live testimony at trial); *Buffalo v. Sunn*, 854 F.2d 1158, 1166 (9th Cir. 1988) (conflicting affidavits over cause for meeting a deadline warrant live testimony).   For this reason, courts utilize the procedures of Rule 56 to determine if there is a genuine dispute over an issue that is material to the outcome.[4]  Likewise, the court must recognize the command in Rule 12(b) that where matters extrinsic to the complaint are submitted with a motion brought under that Rule, the motion must be converted to a motion for summary judgment.  The panel's opinion in *Wyatt* expressly accounts for this, recognizing that "if the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust--a procedure closely analogous to summary judgment--then the court must assure that [the non-moving party] has fair notice of his opportunity to develop a record."[5]  *Wyatt*, 315 F.3d at 1120, n.14.

---

[4] A similar approach is utilized over challenges to jurisdictional facts.  A district court may take evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial if the jurisdictional facts are not intertwined with the merits.  *Augustine* v. *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  "[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.  Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact."  *Rosales* 824 F.2d at 803 (citing *Augustine,* 704 F.2d at 1077).

[5] In this regard, the difference between the relationship of Rules 12(b)(6) and 56, and that of an "unenumerated Rule12(b)" abatement motion and a procedure "closely analogous to summary judgment" is more theoretical than practical.  Indeed, it is functionally the same.  The district court must, of course, look beyond the pleadings to resolve the exhaustion question because *Wyatt* has specifically held that exhaust under the PLRA is not a pleading requirement.

1    Here, defendant's motion necessarily requires the court to consider the affidavits and

2    exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court

3    will follow the analogous procedures of Rule 56 to address this motion and its supporting

4    affidavit and exhibits.  Those standards are well established.

5  **II.  Rule 56 Standards**

6    Summary judgment is appropriate when there is no genuine issue of material fact and the

7    movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

8    *Catrett*, 477 U.S. 317, 322 (1986).[6]  As explained by the Ninth Circuit, the utility of Rule 56 to

9    screen which cases actually require resolution of disputed facts over material issues (through

10   presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the
> non-moving party must do to withstand a motion for summary
> judgment, has increased the utility of summary judgment. First, the
> Court has made clear that if the non-moving party will bear the
> burden of proof at trial as to an element essential to its case, and
> that party fails to make a showing sufficient to establish a genuine
> dispute of fact with respect to the existence of that element, then
> summary judgment is appropriate.  *See Celotex Corp. v. Catrett*,
> 477 U.S. 317 (1986).  Second, to withstand a motion for summary
> judgment, the non-moving party must show that there are "genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party."
> *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis
> added).  Finally, if the factual context makes the non-moving
> party's claim implausible, that party must come forward with more
> persuasive evidence than would otherwise be necessary to show
> that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v.*
> *Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be
> argued that *any disagreement* about a material issue of fact
> precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert.*

---

In doing so, the district court must apply procedures closely analogous to those provided under
Rule 56.

[6] On October 5, 2004, the court expressly informed plaintiff of the requirements for
opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v.*
*Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035 (1999), and
*Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)

1   *denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no

2   "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to

3   establish the existence of an element essential to that party's case, and on which that party will

4   bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236,

5   239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

6   **III.  Plaintiff's Alleged Failure to Exhaust**

7          A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he

8   has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  This requirement is

9   mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A prisoner seeking leave to proceed *in*

10  *forma pauperis* in an action challenging the conditions of his confinement brings an action for

11  purposes of 42 U.S.C. § 1997e when he submits his complaint to the court.  *Vaden v.*

12  *Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available

13  administrative remedies before filing any papers in federal court and the prisoner is not entitled

14  to a stay of judicial proceedings in order to exhaust.  *Id.* at 1051;  *McKinney v. Carey*, 311 F.3d

15  1198 (9th Cir. 2002).  Defendant has the burden of proving that plaintiff did not exhaust.  *Brown*

16  *v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

17         California prisoners may appeal "any departmental decision, action, condition, or policy

18  which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit.

19  15, § 3084.1(a).  The regulations require the use of specific forms but contain no guidelines for

20  grievance content.  Cal. Code Regs. tit 15, §§ 3084.2, 3085.  Prisoners ordinarily must present

21  their allegations on one informal and three formal levels of review, although the informal and the

22  first formal levels may be bypassed.  Cal. Code Regs. tit. 15, § 3084.5.  A division head reviews

23  appeals on the first formal level, *see* Cal. Code Regs. tit. 15, § 3084.5(b)(3) (authorizing bypass

24  of the first formal level when the division head cannot resolve it), and the warden or a designee

25  thereof reviews appeals on the second formal level.  *See* Cal. Code Regs., tit. 15 § 3084.5(e)(1).

26  ////

1    Generally, completion of the third level, the Director's Level of Review, exhausts the remedy.

2    Cal. Code Regs. tit. 15, § 3084.1(a).

3    **IV. Facts**

4         Defendant's evidence demonstrates the following facts regarding plaintiff's pursuit of

5    administrative remedies.  On February 3, 2002, while housed at California State Prison,

6    Sacramento, plaintiff filed a grievance designated Sac. H-02-2881.  That grievance complained

7    that medical staff at California State Prison, Sacramento were deliberately indifferent to his sinus

8    infection.  He claimed that antibiotics did not cure the infection and that he was promised further

9    treatment at Manteca Hospital.  However, he did not receive the treatment or any indication that

10   he would receive it in the near future.  Declaration of Dovey ("Dovey Dec."), Ex. A.  Prison

11   officials found that plaintiff had received proper treatment and denied the appeal.  Dovey Dec.,

12   Ex. B.  Plaintiff appealed to the second formal level of review, asserting that he had constant

13   problems obtaining pain-relieving medication and that "C.S.P. Medical Staff" continued to

14   "delay needed medical care."  Dovey Dec., Ex. A.  On April 14, 2003, the reviewer denied relief,

15   finding that prison staff resolved the problem of plaintiff not receiving his medication.  Dovey

16   Dec., Ex. C.  Records of the California Department of Corrections and Rehabilitation (CDCR)

17   suggest that plaintiff did not appeal to the Director's Level of review.  Declaration of Grannis, at

18   2 and Exhibit A.

19        On July 13, 2004, plaintiff filed another grievance, designated MCSP-04-01661.  This

20   grievance alleged that officials at Mule Creek State Prison were deliberately indifferent to his

21   sinus condition by not providing the surgery that a physician had determined was medically

22   necessary to properly treat plaintiff's condition.  The grievance renewed plaintiff's request for

23   the surgery.  Declaration of Reaves ("Reaves Dec."), Ex. B.  The reviewer on the informal level

24   denied the appeal.  He found that plaintiff was scheduled to see a doctor in early August and that

25   he would be seen by a specialist within 60 days.  Plaintiff appealed to the first formal level of

26   review, arguing that he already had seen a specialist and had been approved for surgery.  Reaves

8

Dec., Ex. B.  The reviewer partially granted the appeal, finding that plaintiff had been approved

for surgery and promising that plaintiff would receive the treatment soon.  Reaves Decl., Ex. C.

In the "Discussion" portion of the decision, the reviewer stated:

> Mr. Lay was advised that his medical condition has been diagnosed properly, and
> that he should anticipate further care and treatment in the near future.  Following
> our interview, a Request for Medical Services was completed, requesting a final
> ENT consultation and subsequent indicated procedures to be performed.

Reaves Dec., Ex. C.  The reviewer did not inform plaintiff that he could appeal if he was

dissatisfied.  Consistent with that fact, records of the CDCR suggest that plaintiff did not pursue

this appeal beyond the first formal level of review.  Reaves Dec., Ex. C.

As noted above, this motion was noticed under Rule 12(b)(6).  Yet the defendant

necessarily relies on declarations and exhibits to establish the facts as they relate to exhaustion.

A motion noticed under Rule 12(b) fails to provide the plaintiff notice of the standards

applicable under Rule 56 (or its functional equivalent, a motion under procedures "closely

analogous to summary judgment." *See Wyatt*, 315 F.3d at 1120, n.14.  Thus, the motion

ordinarily would be renoticed with the appropriate *Rand* admonition to the plaintiff, *see Rand v.

Rowland*, 154 F.3d at 957, or the extrinsic material must be disregarded.[7]  However, for the

reasons set forth below, the court concludes that the facts established by defendant's own

evidence require denial of the motion here and the court need not postpone consideration of the

motion.  Moreover, as stated in note 6 above, the court provided plaintiff a *Rand* notice that set

out in detail the standards applicable under Rule 56, including plaintiff's burden to respond with

competent evidence to refute defendants declarations and exhibits.

## V.  Analysis

Defendant Hall contends that plaintiff failed to exhaust because he did not pursue the

grievances to the Director's Level of Review.  The pertinent grievance is the one designated

---

[7] The latter, of course, is not an option.  Under *Wyatt*, exhaustion is not a pleading
requirement.  The complaint need allege nothing in that regard.

9

MCSP-04-01661.  It is in this grievance that plaintiff complains of the delay in surgery for his sinus infection, which is the basis of this lawsuit.  It is also in the process of adjudicating this grievance that reviewer assured plaintiff that he would receive the requested medical treatment in the near future.  Therefore, the question is whether the appeal to the first formal level of review in the grievance designated MCSP-04-01661 satisfies the exhaustion requirement.

Administrative remedies are available so long as some form of redress may be obtained through an established procedure.  *Booth v. Churner*, 532 U.S. 731, 738-39 (2001).  "[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available."  *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  Accordingly, where a prisoner reasonably could construe an administrative decision on an intermediate level of review as a "strong indication that no further relief was 'available,'" other than that promised in the decision, the prisoner has exhausted available remedies.  *Brown*, 422 F.3d at 937.  In *Brown*, the prisoner was held to have exhausted when the decision on the second formal level of review "partially granted" the appeal and promised that "appropriate action" would be taken, but did not include advice regarding an appeal if the prisoner was dissatisfied.

Here, the reviewer on the first formal level partially granted plaintiff's appeal.  The decision found that doctors properly diagnosed plaintiff, promising "further care and treatment in the near future."  It noted that a request for a final pre-operative consultation and surgery was made as a result of the appeal. The indications to plaintiff were rather clear that he had obtained a remedy in the form of incremental action in the direction of surgery, and a promise of surgery in the near future.  Unlike the other appeal, he was *not* told at this level of review that he could pursue the matter further if he was dissatisfied.  That is understandable.  It reasonably appeared from the response to the grievance that plaintiff had prevailed.  A prisoner would understandably construe this decision as granting available remedies and, implicitly, as a reliable indication that

1  no further appeal was available or necessary.

2        Defendant also asserts that plaintiff failed to exhaust because he did not specifically

3  identify Hall in any grievance.  Defendant relies on *Curry v. Scott*, 249 F.3d 493, 504 (6th Cir.

4  2001) which held that prisoners failed to exhaust because they did not file a grievance against a

5  guard.  The guard was accused of failing to intervene when a different guard used excessive

6  force.[8]  Defendant overlooks controlling Ninth Circuit precedent to the contrary.  The Ninth

7  Circuit has specifically held that a California prisoner does not have to name the defendant in an

8  administrative grievance if the regulations themselves do not require this level of specificity.

9  *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005) (prisoner exhausted available

10  administrative remedies by completing the "Reasonable Modification or Accommodation

11  Request" form provided by the prison).  Defendant does not cite, and the court has not found, a

12  regulation specifically requiring the plaintiff to identify by name the person who allegedly

13  caused the problem complained of in the grievance.  Furthermore, the court has reviewed the

14  copies of the grievances, which defendant submitted, and it appears that plaintiff properly

15  completed the forms.  Defendant does not allege otherwise.  In the absence of a regulation

16  expressly requiring the prisoner to identify by name the person whose conduct is questioned,

17  plaintiff's presentation of his grievance to the intermediate level of appeal, and the favorable

18  response to that appeal, satisfied the exhaustion requirement.

19        Accordingly, it is hereby RECOMMENDED that defendant's June 16, 2006, motion to

20  dismiss be denied and that defendant be given 30 days to file and serve an answer to the

21  complaint.

22  _____

23      [8] Defendant reads this case as requiring a plaintiff to identify all potential defendants by
24  name in grievances.  But the Sixth Circuit's decision does not say that the plaintiffs grieved the
problem but failed to name the individual alleged to be at fault.  The decision affirms the district
court's finding that none of the plaintiffs "complained about Howard's behavior, nor even
25  mentioned Howard in their prison grievances."  *Curry*, 249 F.2d at 504.  Thus, plaintiffs did not
reasonably alert prison officials to problems with one of the defendants, defendant Howard.  *Id.*
26  at 505.

1      These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

6   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

7   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8   Dated:  January 16, 2007.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

12